UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JARED KNAPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-135 |
| | ) | |
| BROADWAY HOME IMPROVEMENT INC. d/b/a ABC HI-DEF COMMUNICATIONS and JACOB RODABAUGH, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Jared Knapp ("Knapp" or "Plaintiff"), brings claims against Broadway Home Improvement Inc. d/b/a ABC Hi-Def Communications ("ABC Hi-Def") and Jacob Rodabaugh ("Rodabaugh") (together "Defendants") pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA"). In addition, Knapp brings claims against Defendants for violation of the Indiana Wage Payment Statute, I.C. § 22-2-5-1 *et seq.* and the Indiana Wage Deductions Statute, I.C. §22-2-6-1 *et seq.*

## PARTIES

1. Knapp is an individual who resides in Williams County, Ohio. Defendants employed Knapp within the meaning of the FLSA within the three-year period preceding the filing of this Complaint. At all times hereinafter mentioned, Knapp was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §206-207.

2. ABC Hi-Def is an Indiana for-profit domestic corporation doing business in Indiana, Michigan and Ohio. ABC Hi-Def's primary place of business is located in Peru, Indiana. ABC Hi-Def is in the business of installing and servicing Dish Network satellite television services. ABC Hi-Def acted, directly or indirectly, in the interest of an employer with respect to Knapp. ABC Hi-Def is an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

3. Rodabaugh is responsible for the day-to-day operations of ABC Hi-Def. In this capacity, Rodabaugh has the authority to hire and fire employees, the authority to direct and supervise the work of employees (including the Plaintiff in this case), the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour overtime payments. At all relevant times, Rodabaugh acted and had responsibility to act on behalf, and in the interests of, ABC Hi-Def in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Knapp an overtime premium as required by the FLSA. At all times relevant to this action, Rodabaugh was an employer as defined in Section 203(d) of the FLSA, 29 U.S.C. §203(d).

4. Knapp worked as an installer/technician of Dish Network satellite television services for Defendants. During the relevant statutory time period, Knapp was treated as an "independent contractor" even though Defendants knew or should have known that he was an "employee" within the meaning of the FLSA, 29 U.S.C. §203(d). Knapp regularly worked over forty hours per week

without compensation for his overtime hours worked.

## JURISDICTION

5. This Court has jurisdiction over Defendants because Knapp has asserted a claim arising under federal law. This Court has supplemental jurisdiction over Knapp's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

6. Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. §1391, because Defendants may be found in this district and the challenged conduct occurred in this state.

## FLSA COVERAGE

7. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r). At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in, or produced for, commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

8. At all times hereinafter mentioned, Knapp was an employee "engaged in commerce or in the production of goods for commerce."

## FACTUAL ALLEGATIONS

9. Knapp was jointly employed by Defendants. Knapp performed work for Defendants in Indiana, Michigan and Ohio.

10. Defendants knew, or should have known, that Knapp should have been classified as an "employee" and paid overtime for all of his hours worked over forty (40) per week.

11. Knapp provided services essential to the fundamental business purpose of Defendants, i.e., satellite television services including installation, maintenance, upgrade and repair. No prior experience was required for Knapp to perform work for the Defendants. Instead, Defendants provided Knapp with on-the-job training at the start of his employment.

12. As a technician, Knapp had no control over the manner and method by which he was paid. Knapp was paid on a "piece-rate" basis, receiving a specified amount of money for each job he performed. Although he regularly worked in excess of forty hours per week, Knapp received no overtime pay from Defendants.

13. As a technician, Knapp worked solely for Defendants on a full-time and continuing basis. Knapp did not advertise his services to the general public, or work as a technician for anyone other than Defendants.

14. Although Knapp was classified by Defendants as an "independent contractor," he was, in fact, Defendants' employees under the FLSA and other relevant laws and regulations. As a result of this knowing and willful misclassification, Knapp was denied overtime pay.

15. Knapp was subject to the direction and control of Defendants with regard to the manner and means of his job performance. For example:

   a. Defendants required Knapp to attend meetings to remain updated on Defendants' policies and procedures;

   b. Defendants controlled the number and types of jobs that Knapp performed each day;

   c. Defendants controlled the time periods during which Knapp could perform his jobs each day;

   d. Defendants required Knapp to report to his first appointment at a certain time each day;

   e. Defendants did not permit Knapp to reschedule his daily work appointments;

   f. Defendants required Knapp to follow procedures and specifications with regard to how installations were to be completed;

   g. Defendants required Knapp to drive specific types of vehicles;

   h. Defendants required Knapp to wear a uniform;

   i. Defendants inspected Knapp's work to ensure that installations were done correctly and according to Defendants' standards; and

   j. If Defendants perceived that company policies and procedures were not followed and for various other reasons, Defendants subjected Knapp to substantial deductions from his paychecks.

15. As an installer/technician, Knapp had no opportunity for profit of loss depending on his managerial skill.

16. Knapp routinely worked 6 days per week and approximately 50 to 70 hours weekly.

17. Defendant ABC Hi-Def made unlawful deductions from the wages of Knapp, including deductions for missing equipment, equipment, charge-backs, tools, liability insurance and workers' compensation insurance.

18. Defendant ABC Hi-Def failed to pay Knapp his final paycheck within the time period required by Indiana state law. To date, Defendant ABC Hi-Def has refused to pay Knapp any wages for his final week worked. Knapp worked approximately 65 hours his final week worked.

19. Therefore, Defendants have violated the FLSA's minimum wage and overtime requirements by failing to pay Knapp any wages at all for his hours worked during his final work week.

**COUNT ONE: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

20. Knapp hereby incorporates by reference paragraphs 1-19 of his Complaint.

21. During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. §§ 206 and 207 by failing to comply with the minimum wage and overtime premium requirements of the FLSA.

22. Defendants knew, or should have known, that Knapp performed work that required additional wages and overtime compensation be paid. Nonetheless, Defendants operated under a scheme, as described above, to deprive Knapp minimum wages and overtime compensation.

23. Defendants knowingly, willfully, or with reckless disregard carried

out its illegal pattern or practice of failing to pay overtime compensation and minimum wages with respect to Knapp.

24. During the relevant time period, Defendants have violated and are violating the provisions of Sections 7 of the FLSA, 29 U.S.C. § 207 by employing Knapp in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty hours without compensating him for his employment in excess of forty hours per week at rates no less than one and one-half the regular rates for which he was employed. Defendants have acted willfully in failing to pay Knapp, and those similarly situated, in accordance with the law.

## COUNT TWO: FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA CODE §§22-2-5 *et. seq.* and 22-2-6 *et. seq*

25. Knapp hereby incorporates by reference paragraphs 1-24 of the Complaint.

26. During the relevant time period, Defendants have violated and are violating the provisions of Indiana Code §§22-2-5 *et. seq.* and 22-2-6 *et. seq.* by making unlawful deductions from the wages earned by Knapp and by failing to timely pay Knapp's wages.

## PRAYER FOR RELIEF

WHEREFORE, Knapp, demands judgment against Defendants in his favor and requests that the Court grant the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Knapp and for liquidated damages equal in amount to the unpaid compensation found due to Knapp;

b) An Order pursuant to Indiana Code §§22-2-5 *et. seq.* and 22-2-6 *et. seq.* finding Defendant ABC Hi-Def liable to Knapp for unpaid back wages and reimbursement of unlawful payroll deductions, plus statutory liquidated damages;

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the overtime and minimum wage requirements of the FLSA;

f) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

g) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/Robert J. Hunt
Robert J. Hunt, (#30686-49)
Robert F. Hunt (#7889-84)
The Law Office of Robert J. Hunt, LLC
1905 South New Market Street, Ste 168
Carmel, Indiana 46032
Telephone: (317) 743-0614
Facsimile: (317) 743-0615
E-Mail: rob@indianawagelaw.com
rfh@indianawagelaw.com

Attorneys for Plaintiff